UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| GERALD L. HUNTER, Plaintiff, v. RADIOSHACK CORPORATION, Defendant. | 1:10-cv-2297 OWW OWW SMS<br>SCHEDULING CONFERENCE ORDER<br>Discovery Cut-Off: 12/15/11<br>Non-Dispositive Motion Filing Deadline: 1/6/12<br>Non-Dispositive Motion Hearing Date: 2/10/12 9:00 Ctrm. 7<br>Dispositive Motion Filing Deadline: 2/6/12<br>Dispositive Motion Hearing Date: 3/12/12 10:00 Ctrm. 3<br>Settlement Conference Date: 1/10/12 10:30 Ctrm. 7<br>Pre-Trial Conference Date: 4/16/12 11:00 Ctrm. 3<br>Trial Date: 5/30/12 9:00 Ctrm. 3 (JT-5 days) |

I. Date of Scheduling Conference.

June 8, 2011.

II. Appearances Of Counsel.

Richard L. Moser, Esq., appeared on behalf of Plaintiff.

Law Offices of Walter W. Whelan by Brian D. Whelan, Esq.,

appeared on behalf of Defendant.

III. Summary of Pleadings.

A. Plaintiff's Factual Contentions.

1. From on or about November 3, 2006 through June 9, 2010, Plaintiff was employed as a sales clerk by RadioShack at the Oakhurst store.

2. Plaintiff was employed pursuant to an oral agreement.

3. Plaintiff performed satisfactorily all of the duties and conditions under the oral agreement.

4. Plaintiff was terminated on June 9, 2010, because of his age.

5. As a result of Defendant's conduct, Plaintiff sustained severe and serious injury to his person.

6. As a result of Defendant's conduct, Plaintiff suffered humiliation, embarrassment and mental anguish.

7. Because of Defendant's conduct, Plaintiff will be required to employ the services of physicians, nurses and other health care professionals in the future.

8. Plaintiff has been unable to engage in his employment since his termination.

9. Plaintiff will be unable to perform his usual and customary employment for an indefinite period.

10. The conduct of Defendant RadioShack was without good, just or legitimate cause.

11. Plaintiff's termination was done with the intent to cause injury to Plaintiff.

12. In terminating Plaintiff, Defendant acted

maliciously, oppressively and despicably.

13. The employment agreement between Plaintiff and RadioShack contained an implied covenant of good faith and fair dealing obligating Defendant RadioShack to act in good faith and fairly towards Plaintiff.

14. Defendant RadioShack breached the implied covenant of good faith and fair dealing by causing Plaintiff's termination in bad faith and for reasons extraneous to the contract.

15. Plaintiff was terminated without good, just or legitimate cause.

16. Plaintiff was terminated because of his age.

17. Plaintiff was assured by Defendant through Defendant's actions, statements and conduct that Plaintiff would not be terminated arbitrarily.

18. Because of Defendant's conduct and statements, Plaintiff was led to conclude that Defendant entered into an implied contract with Plaintiff not to discharge Plaintiff unless there was good cause to do so.

19. Plaintiff received regular raises and promotions as a result of his job performance.

20. During the time Plaintiff was employed by Defendant, Plaintiff received no disciplinary action, including, but not limited to, warnings against him.

21. Plaintiff has an implied contract with Defendant that he would be employed by Defendant as long as his performance was satisfactory and that Defendant would not cause him to be discharged without good and just cause.

22. Plaintiff performed all of the duties and

**conditions of his employment agreement. Defendant knew that Plaintiff had fulfilled all of the duties and conditions of the employment agreement with RadioShack.**

**23. Without misconduct on the part of Plaintiff, and without good cause, Defendant breached the employment agreement by engaging in conduct separate and apart from the performance of obligations of the agreement and without good cause.**

**24. As a result of the Plaintiff not being able to obtain comparable employment, following his termination, he has sustained substantial lost wages and benefits.**

**25. Defendant's conduct in terminating Plaintiff without good cause was intentional, extreme, outrageous and done with the intent to cause emotional distress to Plaintiff.**

**26. Plaintiff has suffered severe emotional distress as a result of Defendant's conduct.**

**27. Plaintiff has suffered damages in a sum within the jurisdiction of this Court, i.e., in excess of $75,000.**

**28. Plaintiff continues to suffer substantial losses in income, earnings and benefits.**

**29. Plaintiff was denied the terms and conditions of his employment because of his age in violation of Govt. Code § 12940.**

**30. On or about June 9, 2010, Plaintiff's employment was terminated because of his age.**

**31. Plaintiff is a member of the class of persons protected from age discrimination in that he is over the age of 40.**

**32. Defendant RadioShack regularly employs five or**

more persons.

33. Within one year from the date of the most recent act of discrimination, Plaintiff filed a charge of age discrimination with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission.

34. On or about August 3, 2010, Plaintiff received a Right-To-Sue Notice from the Equal Employment Opportunity Commission.

35. As a direct and proximate result of Defendant's age discrimination, Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court.

36. In addition, as a result of Defendant's age discrimination, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits.

37. In engaging in unlawful age discrimination, Defendant RadioShack acted maliciously, despicably and intentionally.

B. Plaintiff's Legal Contentions.

1. That Plaintiff was wrongfully terminated in violation of the public policy against age discrimination set forth in Govt. Code § 12940.

2. That, in terminating Plaintiff, Defendant breached the implied covenant of good faith and fair dealing.

3. That, in terminating Plaintiff, Defendant breach the implied covenant not to terminate Plaintiff except for good cause.

4. That, in its treatment of Plaintiff, Defendant

engaged in intentional infliction of emotional distress.

5. That, in denying Plaintiff the terms and conditions of his employment because of his age, Defendant engaged in unlawful age discrimination in violation of Govt. Code § 12940.

6. That Defendant's conduct toward Plaintiff was despicable, oppressive, malicious and intentional, warranting punitive damages.

C. Defendant's Factual Contentions.

1. Plaintiff was terminated because of unsatisfactory job performance.

2. Plaintiff was not terminated because of his age.

3. Plaintiff was not subjected to unlawful age discrimination at any time during his employment at RadioShack.

4. RadioShack did not breach the covenant of good faith and fair dealing or any other contractual covenant in terminating Plaintiff.

5. Defendant RadioShack did not engage in intentional infliction of emotional distress in the way it treated Plaintiff or in the way it terminated Plaintiff.

D. Defendant's Legal Contentions.

1. That Defendant RadioShack did not engage in unlawful age discrimination.

2. That Defendant RadioShack did not wrongfully terminate Plaintiff's employment.

3. That RadioShack did not breach any implied or express contractual covenants owed to Plaintiff.

4. That RadioShack did not engage in intentional

**infliction of emotional distress towards Plaintiff.**

**5. That to the extent Plaintiff's claims are based on Defendant's conduct about which Plaintiff never complained and for which Plaintiff sat on his rights, the doctrine of laches bars Plaintiff's recovery.**

**6. That, to the extent any of the conduct on the part of RadioShack on which Plaintiff complains is based on conduct occurring beyond the applicable statute of limitations, Plaintiff's claims based on such conduct are barred.**

**7. In failing and refusing to perform adequately his job duties, Plaintiff engaged in unclean hands and is, to that extent, barred from any recovery.**

**8. That Plaintiff is and was at all times an at-will employee of RadioShack and that, therefore, his termination did not violate any of Plaintiff's contractual rights.**

**IV. Orders Re Amendments To Pleadings.**

**1. The parties do not anticipate amending the pleadings at this time.**

**V. Factual Summary.**

**A. Admitted Facts Which Are Deemed Proven Without Further Proceedings.**

**1. RadioShack Corporation is a corporation incorporated under the laws of the State of Delaware.**

**2. From on or about November 3, 2006 through June 9, 2010, Plaintiff was employed as a sales clerk by RadioShack at the Oakhurst store.**

**3. Plaintiff is a member of the class of persons protected from age discrimination in that he is over the age of**

40.

4. Defendant RadioShack regularly employs five or more persons.

B. Contested Facts.

1. Plaintiff was employed pursuant to an oral agreement.

2. Plaintiff performed satisfactorily all of the duties and conditions under the oral agreement.

3. Plaintiff was terminated on June 9, 2010, because of his age.

4. As a result of Defendant's conduct, Plaintiff sustained severe and serious injury to his person.

5. As a result of Defendant's conduct, Plaintiff suffered humiliation, embarrassment and mental anguish.

6. Because of defendant's conduct, Plaintiff will be required to employ the services of physicians, nurses and other health care professionals in the future.

7. Plaintiff has been unable to engage in his employment since his termination.

8. Plaintiff will be unable to perform his usual and customary employment for an indefinite period.

9. The conduct of Defendant RadioShack was without good, just or legitimate cause.

10. Plaintiff's termination was done with the intent to cause injury to Plaintiff.

11. In terminating Plaintiff, Defendant acted maliciously, oppressively and despicably.

12. The employment agreement between Plaintiff and

**RadioShack contained an implied covenant of good faith and fair dealing obligating Defendant RadioShack to act in good faith and fairly towards Plaintiff.**

**13. Defendant RadioShack breached the implied covenant of good faith and fair dealing by causing Plaintiff's termination in bad faith and for reasons extraneous to the contract.**

**14. Plaintiff was terminated without good, just or legitimate cause.**

**15. Plaintiff was terminated because of his age.**

**16. Plaintiff was assured by Defendant through defendant's actions, statements and conduct that Plaintiff would not be terminated arbitrarily.**

**17. Because of Defendant's conduct and statements, Plaintiff was led to conclude that Defendant entered into an implied contract with Plaintiff not to discharge Plaintiff unless there was good cause to do so.**

**18. Plaintiff received regular raises and promotions as a result of his job performance.**

**19. During the time Plaintiff was employed by Defendant, Plaintiff received no disciplinary action, including, but not limited to, warnings against him.**

**20. Plaintiff has an implied contract with Defendant that he would be employed by Defendant as long as his performance was satisfactory and that Defendant would not cause him to be discharged without good and just cause.**

**21. Plaintiff performed all of the duties and conditions of his employment agreement. Defendant knew that Plaintiff had fulfilled all of the duties and conditions of the**

employment agreement with RadioShack.

22. Without misconduct on the part of Plaintiff, and without good cause, Defendant breached the employment agreement by engaging in conduct separate and apart from the performance of obligations of the agreement and without good cause.

23. As a result of the Plaintiff not being able to obtain comparable employment, following his termination, he has sustained substantial lost wages and benefits.

24. Defendant's conduct in terminating Plaintiff without good cause was intentional, extreme, outrageous and done with the intent to cause emotional distress to Plaintiff.

25. Plaintiff has suffered severe emotional distress as a result of Defendant's conduct.

26. Plaintiff has suffered damages in a sum within the jurisdiction of this Court, i.e., in excess of $75,000.

27. Plaintiff continues to suffer substantial losses in income, earnings and benefits.

28. Plaintiff was denied the terms and conditions of his employment because of his age in violation of Govt. Code § 12940.

29. On or about June 9, 2010, Plaintiff's employment was terminated because of his age.

30. Within one year from the date of the most recent act of discrimination, Plaintiff filed a charge of age discrimination with the California Department of Fair Employment and Housing and the Equal Employment Opportunity Commission.

31. On or about August 3, 2010, Plaintiff received a Right-To-Sue Notice from the Equal Employment Opportunity

Commission.

32. As a direct and proximate result of Defendant's age discrimination, Plaintiff has suffered severe and serious injury to his person, all to his damage in a sum within the jurisdiction of this Court.

33. In addition, as a result of Defendant's age discrimination, Plaintiff has suffered and continues to suffer substantial losses in income, earnings and benefits.

34. In engaging in unlawful age discrimination, Defendant Radioshack acted maliciously, despicably and intentionally.

35. Plaintiff was terminated because of unsatisfactory job performance.

36. Plaintiff was not terminated because of his age.

37. Plaintiff was not subjected to unlawful age discrimination at any time during his employment at RadioShack.

38. RadioShack did not breach the covenant of good faith and fair dealing or any other contractual covenant in terminating Plaintiff.

39. Defendant RadioShack did not engage in intentional infliction of emotional distress in the way it treated Plaintiff or in the way it terminated Plaintiff.

VI. Legal Issues.

A. Uncontested.

1. Jurisdiction exists under 28 U.S.C. § 1332.

2. Venue is proper under 28 U.S.C. § 1392.

3. The parties agree that the substantive law of the State of California provides the rule of decision in this case.

B. Contested.

1. Whether Plaintiff's claims are barred because of an at-will agreement between the parties.

2. Whether or not the Fair Employment and Housing Act, Govt. Code § 12940, et seq., was violated by Defendant's conduct.

3. Whether Defendant engaged in actionable and intentional infliction of emotional distress.

4. Whether the affirmative defenses of laches, unclean hands or failure of consideration apply.

VII. Consent to Magistrate Judge Jurisdiction.

1. The parties have not consented to transfer the case to the Magistrate Judge for all purposes, including trial.

VIII. Corporate Identification Statement.

1. Any nongovernmental corporate party to any action in this court shall file a statement identifying all its parent corporations and listing any entity that owns 10% or more of the party's equity securities. A party shall file the statement with its initial pleading filed in this court and shall supplement the statement within a reasonable time of any change in the information.

IX. Discovery Plan and Cut-Off Date.

1. Plaintiff plans to take the depositions of the managers and co-employees of Plaintiff at the RadioShack store in Oakhurst, as well as any other percipient witnesses identified by Defendant in response to discovery requests.

2. Defendant intends to take the depositions of Plaintiff and of other percipient witnesses identified by Plaintiff in

response to written discovery. Defendant plans to propound comprehensive written discovery including interrogatories, document requests and requests for admissions. Depending on Plaintiff's responses, Defendant RadioShack may seek an independent psychological examination of the Plaintiff.

3. The parties are ordered to complete all non-expert discovery on or before November 30, 2011.

4. The parties are directed to disclose all expert witnesses, in writing, on or before October 14, 2011. Any rebuttal or supplemental expert disclosures will be made on or before November 15, 2011. The parties will comply with the provisions of Federal Rule of Civil Procedure 26(a)(2) regarding their expert designations. Local Rule 16-240(a) notwithstanding, the written designation of experts shall be made pursuant to F. R. Civ. P. Rule 26(a)(2), (A) and (B) and shall include all information required thereunder. Failure to designate experts in compliance with this order may result in the Court excluding the testimony or other evidence offered through such experts that are not disclosed pursuant to this order.

5. The parties are ordered to complete all expert discovery on or before December 15, 2011.

6. The provisions of F. R. Civ. P. 26(b)(4) shall apply to all discovery relating to experts and their opinions. Experts shall be fully prepared to be examined on all subjects and opinions included in the designation and their reports, which shall include every opinion to be rendered and all reasons for each opinion. Failure to comply will result in the imposition of sanctions.

X. Pre-Trial Motion Schedule.

1. All Non-Dispositive Pre-Trial Motions, including any discovery motions, shall be filed on or before January 6, 2012, and heard on February 10, 2012, at 9:00 a.m. before Magistrate Judge Sandra M. Snyder in Courtroom 7.

2. In scheduling such motions, the Magistrate Judge may grant applications for an order shortening time pursuant to Local Rule 142(d). However, if counsel does not obtain an order shortening time, the notice of motion must comply with Local Rule 251 and this schedule.

3. All Dispositive Pre-Trial Motions are to be filed no later than February 6, 2012, and will be heard on March 12, 2012, at 10:00 a.m. before the Honorable Oliver W. Wanger, in Courtroom 3, 7th Floor. In scheduling such motions, counsel shall comply with Local Rule 230.

XI. Pre-Trial Conference Date.

1. April 16, 2012, at 11:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger.

2. The parties are ordered to file a Joint Pre-Trial Statement pursuant to Local Rule 281(a)(2).

3. Counsel's attention is directed to Rules 281 and 282 of the Local Rules of Practice for the Eastern District of California, as to the obligations of counsel in preparing for the pre-trial conference. The Court insists upon strict compliance with those rules.

XII. Motions - Hard Copy.

1. The parties shall submit one (1) courtesy paper copy to the Court of any motions filed. Exhibits shall be marked with

protruding numbered or lettered tabs so that the Court can easily identify such exhibits.

XIII. Trial Date.

1. May 30, 2012, at the hour of 9:00 a.m. in Courtroom 3, 7th Floor, before the Honorable Oliver W. Wanger, United States District Judge.

2. This is a jury trial.

3. Counsels' Estimate Of Trial Time:

a. Four to five days.

4. Counsels' attention is directed to Local Rules of Practice for the Eastern District of California, Rule 285.

XIV. Settlement Conference.

1. A Settlement Conference is scheduled for January 10, 2012, at 10:30 a.m. in Courtroom 7 before the Honorable Sandra M. Snyder, United States Magistrate Judge.

2. Unless otherwise permitted in advance by the Court, the attorneys who will try the case shall appear at the Settlement Conference with the parties and the person or persons having full authority to negotiate and settle the case on any terms at the conference.

3. Permission for a party [not attorney] to attend by telephone may be granted upon request, by letter, with a copy to the other parties, if the party [not attorney] lives and works outside the Eastern District of California, and attendance in person would constitute a hardship. If telephone attendance is allowed, the party must be immediately available throughout the conference until excused regardless of time zone differences. Any other special arrangements desired in cases where settlement

authority rests with a governing body, shall also be proposed in advance by letter copied to all other parties.

4. Confidential Settlement Conference Statement. At least five (5) days prior to the Settlement Conference the parties shall submit, directly to the Magistrate Judge's chambers, a confidential settlement conference statement. The statement should not be filed with the Clerk of the Court nor served on any other party. Each statement shall be clearly marked "confidential" with the date and time of the Settlement Conference indicated prominently thereon. Counsel are urged to request the return of their statements if settlement is not achieved and if such a request is not made the Court will dispose of the statement.

5. The Confidential Settlement Conference Statement shall include the following:

a. A brief statement of the facts of the case.

b. A brief statement of the claims and defenses, i.e., statutory or other grounds upon which the claims are founded; a forthright evaluation of the parties' likelihood of prevailing on the claims and defenses; and a description of the major issues in dispute.

c. A summary of the proceedings to date.

d. An estimate of the cost and time to be expended for further discovery, pre-trial and trial.

e. The relief sought.

f. The parties' position on settlement, including present demands and offers and a history of past

settlement discussions, offers and demands.

XV. Request For Bifurcation, Appointment Of Special Master, Or Other Techniques To Shorten Trial.

1. Neither party requests bifurcation. No punitive damages are sought.

XVI. Related Matters Pending.

1. There are no related matters.

XVII. Compliance With Federal Procedure.

1. The Court requires compliance with the Federal Rules of Civil Procedure and the Local Rules of Practice for the Eastern District of California. To aid the court in the efficient administration of this case, all counsel are directed to familiarize themselves with the Federal Rules of Civil Procedure and the Local Rules of Practice of the Eastern District of California, and keep abreast of any amendments thereto.

XVIII. Effect Of This Order.

1. The foregoing order represents the best estimate of the court and counsel as to the agenda most suitable to bring this case to resolution. The trial date reserved is specifically reserved for this case. If the parties determine at any time that the schedule outlined in this order cannot be met, counsel are ordered to notify the court immediately of that fact so that adjustments may be made, either by stipulation or by subsequent scheduling conference.

2. Stipulations extending the deadlines contained herein will not be considered unless they are accompanied by affidavits or declarations, and where appropriate attached exhibits, which establish good cause for granting the relief

**requested.**

**3. Failure to comply with this order may result in the imposition of sanctions.**

IT IS SO ORDERED.

**Dated: June 10, 2011**

**/s/ Oliver W. Wanger**
UNITED STATES DISTRICT JUDGE