**IN THE UNITED STATES DISTRICT COURT FOR THE**

**EASTERN DISTRICT OF CALIFORNIA**

| | |
|---|---|
| GERALD L. HUNTER,<br><br>        Plaintiff,<br><br>    v.<br><br>RADIOSHACK CORPORATION; and<br>DOES 1 through 50, inclusive<br><br>        Defendants. | 1:10-cv-02297-AWI-SMS<br><br>**ORDER RE: MOTION FOR SUMMARY JUDGMENT OR SUMMARY ADJUDICATION IN THE ALTERNATIVE**<br><br>(Docs. 13-13-4) |

## I. INTRODUCTION

Defendant Radioshack Corporation has filed a motion for summary judgment or summary adjudication in the alternative pursuant to Federal Rule of Civil Procedure 56.  For reasons discussed below, summary adjudication in favor of Defendant shall be granted as to the second and third causes of action for breach of the implied covenant of good faith and fair dealing and breach of the implied covenant not to terminate except with good cause.  Summary adjudication in favor of Defendant shall be denied as to the first, fourth and fifth causes of action for wrongful termination in violation of public policy, intentional infliction of emotional distress and age discrimination.

## II. FACTS AND PROCEDURAL BACKGROUND

On September 17, 2010, plaintiff Gerald L. Hunter ("Plaintiff") filed his complaint in Madera Superior Court against defendants Radioshack Corporation ("Defendant") and Does 1 through 50, inclusive, asserting five causes of action for (1) wrongful termination in violation of public policy, (2) breach of the implied covenant of good faith and fair dealing, (3) breach of the implied covenant not to terminate except with good cause, (4) intentional infliction of emotional distress and (5) age discrimination. On December 9, 2010, Defendant removed the action to this Court pursuant to 28 U.S.C. § 1441(b). On December 12, 2011, Defendant filed its motion for summary judgment or summary adjudication in the alternative pursuant to Federal Rule of Civil Procedure 56, contending there are no genuine issues of material fact and Defendant is entitled to judgment as a matter of law. On January 6, 2012, Plaintiff filed his opposition to Defendant's motion. On January 20, 2012, Defendant filed its reply to Plaintiff's opposition.

### III. LEGAL STANDARD

"A party may move for summary judgment, identifying each claim or defense – or the part of each claim or defense – on which summary judgment is sought. The court shall grant summary judgment if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." Fed. R. Civ. P. 56(a). The moving party bears the initial burden of "informing the district court of the basis for its motion, and identifying those portions of 'the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,' which it believes demonstrate the absence of a genuine issue of material fact." *Celotex Corp. v. Catrett,* 477 U.S. 317, 323, 106 S.Ct. 2548, 91 L.Ed.2d 265 (1986); *see* Fed. R. Civ. P. 56(c)(1)(A). "Where the non-moving party bears the burden of proof at trial, the moving party need only prove that there is an absence of evidence to support the non-moving party's case." *In re Oracle Corp. Securities Litigation,* 627 F.3d 376, 387 (2010) (citing *Celotex, supra,* at p. 325). If

2

the moving party meets its initial burden, the burden shifts to the non-moving party to present evidence establishing the existence of a genuine dispute as to any material fact. *See Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.,* 475 U.S. 574, 585-86, 106 S.Ct. 1348, 89 L.Ed.2d 538. A court ruling on a motion for summary judgment must construe all facts and inferences in the light most favorable to the non-moving party. *See Anderson v. Liberty Lobby, Inc.,* 477 U.S. 242, 255, 106 S.Ct. 2505, 91 L.Ed.2d 202 (1986). Even if the motion is unopposed, the movant is not absolved of the burden to show there are no genuine issues of material fact (*Henry v. Gill Industries, Inc.,* 983 F.2d 943, 949-50 (9th Cir. 1993)), although the court may assume the movant's assertions of fact to be undisputed for the purposes of the motion and grant summary judgment if the facts and other supporting materials show the movant is entitled to it. *See* Fed. R. Civ. P. 56(e)(2), (3).

## IV. DISCUSSION

*A. FEHA claims* – Plaintiff's first and fifth causes of action assert claims for wrongful termination in violation of public policy and age discrimination, respectively, both of which are brought pursuant to the California Fair Employment and Housing Act (FEHA, Cal. Gov. Code, §§ 12900 et seq.). Under the cause of action for wrongful termination, Plaintiff alleged as follows:

> "5. From on or about November 3, 2006, to on or about June 9, 2010, Plaintiff was employed as a sale clerk by Defendants, and each of them. [¶] 6. At all times mentioned herein, Plaintiff was employed pursuant to an oral employment contract by Defendants, and each of them. At all times mentioned herein, Plaintiff performed his duties and obligations under the employment agreement referenced above and Defendants, and each of them, knew Plaintiff had fulfilled all of the duties and conditions under the agreement. [¶] 7. Plaintiff is informed and believes and thereon alleges that on or about June 9, 2010, Plaintiff's employment was caused to be terminated by Defendants, and each of them, because of his age. Such conduct by Defendants, and each of them, was in violation of public policy, including, but not limited to, Government Code, Section 12940."

Under the cause of action for age discrimination, Plaintiff similarly alleged as follows:

> "2. Plaintiff is informed and believes and thereon alleges that Defendants, and each of them, denied the Plaintiff the terms and conditions of his employment because of his age, in violation of Government Code, Section 12940. Additionally, Plaintiff is informed and believes and thereon alleges that on or about June 9, 2010, Plaintiff's

3

employment was caused to be terminated by Defendants, and each of them, because of her [sic] age, in violation of Government Code, Sections 12940, et seq."

Defendant moves for summary adjudication of these claims, contending the evidence fails to show Defendant terminated or discriminated in any way against Plaintiff because of Plaintiff's age.

***1. Summary judgment principles applicable in the context of age discrimination claims*** – FEHA provides in pertinent part: "It is an unlawful employment practice . . . [¶] (a) For an employer, because of the . . . age . . . of any person, to refuse to hire or employ the person or to refuse to select the person for a training program leading to employment, or to bar or to discharge the person from employment or from a training program leading to employment, or to discriminate against the person in compensation or in terms, conditions, or privileges of employment." Cal. Gov. Code, § 12940. " 'Age' refers to the chronological age of any individual who has reached his or her 40th birthday." Cal. Gov. Code, § 12926(b). "Because state and federal employment discrimination laws are similar, California courts look to federal precedent when interpreting FEHA. *Guz v. Bechtel Nat'l, Inc.,* 24 Cal.4th 317, 354, 100 Cal.Rptr.2d 352, 8 P.3d 1089 (2000). In particular, California courts use the familiar *McDonnell Douglas* burden-shifting test when analyzing disparate treatment claims under FEHA. *Id*. (citing *McDonnell Douglas Corp. v. Green,* 411 U.S. 792, 93 S.Ct. 1817, 36 L.Ed.2d 668 (1973))." *Earl v. Nielsen Media Research, Inc.,* 658 F.3d 1108, 1112 (9th Cir. 2011).

"Under the three-part *McDonnell Douglas* test, the plaintiff bears the initial burden of establishing a prima facie case of employment discrimination." *Earl, supra,* 658 F.3d at 1112 (citing *Noyes v. Kelly Services,* 488 F.3d 1163, 1168 (9th Cir. 2007)).[1] "Generally, the plaintiff must

---

[1] A plaintiff in a FEHA employment discrimination case may create genuine issues of material fact by offering direct *or* circumstantial evidence of discrimination. *Guz, supra,* 24 Cal.4th at 354. "Direct evidence is evidence which, if believed, proves the fact of discriminatory animus without inference of presumption. Comments demonstrating discriminatory animus may be found to be direct evidence if there is evidence of a causal relationship between the comments and the adverse job action at issue." *DeJung v. Superior Court,* 169 Cal.App.4th 533, 550, 87 Cal.Rptr.3d 99 (2008). If the plaintiff chooses to rely on direct evidence, the three-part test of *McDonnell Douglas* does not apply. *Id.*; cf. *Guz, supra,* 24 Cal.4th at 354 (the "*McDonnell Douglas* test reflects

4

provide evidence that (1) he was a member of a protected class, (2) he was qualified for the position he sought or was performing competently in the position he held, (3) he suffered an adverse employment action, such as termination, demotion, or denial of an available job, and (4) some other circumstance suggests discriminatory motive." *Guz ,supra,* 24 Cal.4th at 355. "While the plaintiff's prima facie burden is not onerous, he must at least show actions taken by the employer from which one can infer, if such actions remained unexplained, that it is more likely than not that such actions were based on a [prohibited] discriminatory criterion . . . ." *Id*. (internal citations and quotations omitted). Once the plaintiff has done so, "a presumption of discrimination arises." *Id.* The burden then "shifts to the employer to rebut the presumption by producing admissible evidence . . . that its action was taken for a legitimate, nondiscriminatory reason." *Id*. at 355-56. "If the employer sustains this burden, the presumption of discrimination disappears. The plaintiff must then have the opportunity to attack the employer's proffered reasons as pretexts for discrimination, or to offer any other evidence of discriminatory motive." *Guz, supra,* 24 Cal.4th at 356 (internal citations omitted).

This order of proof, however, applies only when discrimination claims are *tried* before a court or a jury. *See Guz, supra,* 100 Cal.Rptr.2d at 352. On motion for summary judgment, the burdens are reversed: "A defendant seeking summary judgment must bear the initial burden of showing that the action has no merit, and the plaintiff will not be required to respond unless and until the defendant has borne that burden." *Martin v. Lockheed Missiles & Space Co.,* 29 Cal.App.4th 1718, 1730, 35 Cal.Rptr.2d 181 (1994) (internal citations and quotations omitted); *accord, Department of Fair Employment and Housing v. Lucent Technologies,* 642 F.3d 728, 745 (9th Cir. 2011). "Thus, ' . . . , [the employer is] required to show either that (1) plaintiff could not establish one of the elements of [the] FEHA claim or (2) there was a legitimate, nondiscriminatory reason for

---

the principle that direct evidence of intentional discrimination is rare, and that such claims must usually be proved circumstantially. Thus, by successive steps of increasingly narrow focus, the test allows discrimination to be inferred from facts that create a reasonable likelihood of bias and are not satisfactorily explained"). Plaintiff has not pointed to any direct evidence of discrimination in the record. Therefore, the analysis in this case proceeds under the *McDonnell Douglas* framework.

5

its decision to terminate plaintiff's employment." ' *Lucent Technologies, supra,* 645 F.3d at 745 (citing *Avila v. Continental Airlines, Inc.,* 165 Cal.App.4th 1237, 82 Cal.Rptr.3d 440, 449 (2008)). "If the employer present admissible evidence that one or more of plaintiff's prima facie elements is lacking, or that the adverse employment action was based on legitimate, nondiscriminatory factors, the employer will be entitled to summary judgment unless the plaintiff produces admissible evidence which raises a triable issue of fact material to the defendant's showing." *Caldwell v. Paramount Unified School Dist.,* 41 Cal.App.4th 189, 203, 48 Cal.Rptr.2d 448 (1995). "The employee can satisfy its burden by 'produc[ing] substantial responsive evidence that the employer's showing was untrue or pretextual.' " *Lucent Technologies, supra,* 642 F.3d at 746 (citing *Hanson v. Lucky Stores, Inc.,* 74 Cal.App.4th 215, 224, 87 Cal.Rptr.2d 487 (1999)). With these principles in mind, the Court now addresses the age discrimination and wrongful termination claims in that order.

***2. Age discrimination cause of action*** – As a threshold matter, Defendant attempts to meet its initial burden on summary judgment by arguing Plaintiff cannot establish all four elements of a prima facie case of age discrimination. In the Court's view, there are clearly genuine issues of material fact as to at least three of the four elements. First, as noted above, FEHA provides it is unlawful to discriminate on the basis of age against any individual who has reached the age of 40 (Cal. Gov. Code, §§ 12926(b), 12940(a)), and it is undisputed that Plaintiff, having been born in 1937, was over the age of 40 when he was terminated by Defendant. Therefore, Plaintiff was a member of a protected class. Second, Plaintiff, having been terminated from his position of nearly four years, obviously suffered an adverse employment action. *Guz, supra,* 24 Cal.4th at 355. Third, the evidence shows Defendant hired a 19-year-old male to replace Plaintiff. Hiring a significantly younger person to replace a discharged employee is a circumstance suggesting discriminatory motive. *See Hersant v. Department of Social Services,* 57 Cal.App.4th 997, 1003, 67 Cal.Rptr.2d 483 (1997). Thus, the only issue, as it pertains to Defendant's argument here, is whether Plaintiff can establish the remaining element of an age discrimination claim – namely, that he was qualified

for a position sought or performing competently in the position he held. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Defendant has failed to meet the burden of showing that this element cannot be met by Plaintiff.

Defendant refers to Plaintiff's deposition testimony as support for its contention that Plaintiff was not performing competently in his position. At his deposition, Plaintiff testified that although there was an early period in his employment with Defendant where Defendant emphasized the sale of pay-as-you-go cell phones, Defendant's emphasis eventually turned to contract cell phones, which became one of the big-ticket items at Radioshack by the time of Plaintiff's termination. While Plaintiff did not know what percentage of revenue was generated by contract cell phone sales at the typical Radioshack store, Plaintiff agreed that Defendant "pushed phones." Plaintiff testified that before he was fired, there were several instances where his immediate supervisor, Andrew Ausley, made it clear to him that his performance evaluation depended on how well he sold cell phones, and that he had to improve his cell phones sales. Plaintiff testified his contract cell phone sales record was not good, particularly in comparison to the sales record of other employees at the store where he worked, and that he often had to ask other employees for help in filling out contracts and taking care of details. He also believed there were some months in which he did not sell a single contract cell phone. Plaintiff further testified that he was placed on "action plans" to help improve his store's performance (which was judged, among other things, in terms of total sales), but that as of April 2010, two months before his termination, he failed to meet the cell phone sales performance goals. Defendant also adduces as evidence the declaration of Debra Mobley, district manager for the Radioshack store where Plaintiff worked, who testified that Plaintiff consistently failed to meet various sales goals that were set for him, including but not limited to cell phone sales goals.

Problematically for Defendant, the foregoing evidence hardly shows the element of competence cannot be met by Plaintiff. First, Defendant has failed to provide evidence of the *actual* goals at issue. At most, the evidence shows there were certain goals Plaintiff did not meet. But

these goals were unspecified.[2] There is no evidence of the number of cell phones Plaintiff was expected to sell, how long he had to sell them or how close he came to meeting those expectations. In the absence of quantitative evidence such as metrics, the fact Plaintiff failed to sell even one cell phone during certain months does not show he was performing incompetently. For one thing, sales goals might have been quarterly or yearly, as opposed to monthly. For another, Plaintiff might have barely missed his goals. Barely missing a sales goal reflects differently on an employee's competence than missing a sales goal by a spectacular margin. In addition, both Plaintiff and Mobley testified the goals were set for the *entire store*, not individual employees. Second, and perhaps more importantly, while the evidence shows Plaintiff's cell phone sales record was not good and his performance evaluation depended on how well he sold cell phones, Defendant has provided no evidence of how heavily cell phone sales weighed in the evaluation. For all the Court knows, Plaintiff may have performed sufficiently well in other types of sales to offset deficiencies in his cell phone sales performance. Defendant has not shown Plaintiff received *poor* performance evaluations. Accordingly, the evidence presented by Defendant is insufficient to show Plaintiff cannot establish a prima facie case of age discrimination because he was not performing competently.

However, as noted above, an employer is not required to show that the employee cannot establish a prima facie case of age discrimination in order to meet its initial burden on summary judgment. An employer may meet its burden by showing that the adverse employment action taken against the employee was based on legitimate, nondiscriminatory factors. *See Guz, supra,* 24 Cal.4th at 357. "To demonstrate a legitimate, nondiscriminatory reason for its decision to terminate [the employee], [the employer] 'must show that the procedure by which [the employee] was terminated was validly and fairly devised and administered to serve a legitimate business purpose.' " *Lucent Technologies, supra,* 642 F.3d at 745-46. "A reason is ' "legitimate" ' if it is 'facially unrelated to

---

[2] Part of the evidence submitted by Plaintiff alluded to a "target" of 16 cell phone sales per month. This "target" was not substantiated by any of the evidence submitted by Defendant. In any case, neither party explained whether this was an actual goal Plaintiff was required to meet.

prohibited bias, and which if true, would thus preclude a finding of discrimination." *Reid v. Google, Inc.,* 50 Cal.4th 512, 520 n. 2, 235 P.3d 988 (2010) (citing *Guz, supra,* 24 Cal.4th at 358) (emphasis omitted). Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Defendant has met its initial burden by showing Plaintiff's termination was taken for a legitimate, nondiscriminatory reason.

      Mobley made the decision to terminate Plaintiff in 2010. According to Mobley, Plaintiff had been placed on several action plans before and during Mobley's tenure as district manager, but consistently failed to meet the various sales goals that had been set, including but not limited to cell phone sales goals, which had become important to Defendant's business. Mobley further testified that she decided to terminate Plaintiff's employment with Defendant based solely on his lack of sufficient sales performance, not because of his age. Poor job performance is a legitimate, nondiscriminatory reason for terminating an employee. *Aragon v. Republic Silver State Disposal Inc.,* 292 F.3d 654, 660-61 (9th Cir. 2002). In his opposition, Plaintiff contends Mobley's testimony is insufficient to show his termination was taken for a legitimate, nondiscriminatory reason because "[t]here is no evidence of what Plaintiff did or did not [d]o that would or did constitute poor sales performance, or what personal goals he did not meet." Plaintiff's argument, in essence, is that an employer cannot satisfy its burden of showing an employee was terminated for reasons related to performance unless the employer also offers evidence to show the employee was not competently performing. Plaintiff has provided no authority – and the Court's research reveals no authority – to support this proposition. Although evidence an employee is not performing competently in his or her position is relevant in assessing whether an employer has met its burden by showing the employee cannot establish a prima facie case of discrimination, it is not a necessary part of the *McDonnell Douglas* framework where, as here, the defendant attempts to meets its burden by articulating a legitimate, nondiscriminatory reason for its decision to terminate the plaintiff's employment. Defendant's burden in this respect is simply to offer a legitimate explanation for Plaintiff's termination. That was done here. In any case, the record, while insufficient to *preclude*

Plaintiff from establishing he was performing competently, is replete with evidence showing Plaintiff's performance was deficient in certain aspects. Thus, the burden shifts to Plaintiff to offer evidence of discriminatory motive or show the reason was merely a pretext for discrimination.

"A plaintiff may demonstrate pretext in either of two ways: (1) directly, by showing that unlawful discrimination more likely than not motivated the employer; or (2) indirectly, by showing that the employer's proffered explanation is unworthy of credence because it is internally inconsistent or otherwise not believable." *Earl, supra,* 658 F.3d at 1112-13 (citing *Chuang v. University of California Davis, Bd. of Trustees,* 225 F.3d 1115, 1127 (9th Cir. 2000)). "When evidence of pretext is circumstantial, rather than direct, the plaintiff must produce 'specific' and 'substantial' facts to create a triable issue of pretext." *Earl, supra,* 658 F.3d at 1113 (citing *Godwin v. Hunt Wesson, Inc.,* 150 F.3d 1217, 1222 (9th Cir. 1998)). " 'An employee in this situation can not simply show the employer's decision was wrong, mistaken or unwise.' 'Rather, the employee must demonstrate such weaknesses, implausibilities, inconsistencies, incoherencies or contradictions in the employer's proffered legitimate reasons for its action that a reasonable factfinder could rationally find them unworthy of credence . . . and hence infer that the employer did not act for the . . . non-discriminatory reasons.' " *Lucent Technologies, supra,* 642 F.3d at 746 (citing *Morgan v. Regents of the Univ. of Cal.,* 88 Cal.App.4th 52, 105 Cal.Rptr.2d 652, 670 (2000)).

Plaintiff first attempts to establish pretext indirectly by attacking Defendant's assertions of unsatisfactory job performance, pointing to his own testimony that (1) he did "good" in sales of pay-as-you-go phones; (2) he "met" or "exceeded" his goals in everything except contract cell phone sales; and (3) he received awards for being a "top salesman," which he kept with other personal effects in his private employee box. Plaintiff's assessment of his own performance does not impress, as "an employee's subjective personal judgments of his or her competence alone do not raise a genuine issue of material fact." *Horn v. Cushman & Wakefield Western, Inc.,* 72 Cal.App.4th 798, 816, 85 Cal.Rptr.2d 459 (1999); *see King v. United Parcel Service, Inc.,* 152 Cal.App.4th 426, 433, 60 Cal.Rptr.3d 359 (2007) ("plaintiff's subjective beliefs in an employment discrimination case do

not create a genuine issue of fact; nor do uncorroborated and self-serving declarations") (citing *Chiaramonte v. Fashion Bed Group, Inc., a Division of Leggett & Platt, Inc.,* 129 F.3d 391, 401 (7th Cir. 1997), and *Villiarimo v. Aloha Island Air, Inc.,* 281 F.3d 1054, 1061 (9th Cir. 2002)). The fact Plaintiff won awards is also of no significance because there is no evidence of when the performances for which Plaintiff was commended occurred. Plaintiff worked for Defendant for more than three-and-a-half years. Unless they were received at or near the time he was terminated, the awards do not undermine the credibility of Defendant's proffered reason for the termination.

Plaintiff further attempts to establish pretext indirectly by arguing that Defendant set unreasonable sales goals, Defendant did not train him on how to sell cell phones and Defendant reduced his monthly hours significantly in April and May 2010. FEHA does not provide a remedy for an employer's unreasonable expectations or a failure to train; it provides remedies only for discrimination, harassment and retaliation. *See* Cal. Gov. Code, § 12940, subds. (a), (g), (h). Thus, to create a genuine issue of material fact, Plaintiff must provide evidence showing Defendant's actions were motivated by discriminatory animus. *Hersant, supra,* 57 Cal.App.4th at 1005. Having reviewed the pleadings of record and all competent and admissible evidence submitted, the Court finds Plaintiff has met his burden to demonstrate pretext by offering circumstantial evidence that at least one of Defendant's actions – reducing Plaintiff's hours – was motivated by animus.

At his deposition, Plaintiff testified Ausley called him "old" and said he was unable to do the job because of his age. Plaintiff further testified Ausley disliked old people, and if old people came into the store, Ausley would assign another employee to wait on them because Ausley did not want to wait on old or handicapped people. Ausley also told Plaintiff he thought Plaintiff was too old to understand new technology, and tried to get Plaintiff to quit his job and apply for other jobs. The record shows Defendant began to reduce Plaintiff's work hours significantly in the months leading up to his termination, from a total of 119.75 and 148.25 hours in February and March 2010, respectively, to 99.5 and 94 hours in April and May 2010, respectively. According to Mobley, Ausley was the person in charge of allocating work hours to each employee at Plaintiff's store.

11

Taken together, this evidence would be sufficient for a reasonable trier of fact to conclude Ausley's animus toward Plaintiff was the motivating factor behind the decision to reduce Plaintiff's hours.

In its motion, Defendant contends Ausley's comments constituted unactionable stray remarks unrelated to any adverse employment actions taken against Plaintiff and are insufficient to create genuine issues of material fact as to discrimination. Not so. Under the "stray remarks" doctrine, statements "uttered in an ambivalent manner" (*Godwin, supra,* 150 F.3d at 1221) and "not acted upon or communicated to a decision maker are insufficient to establish pretext." *Modero v. Salt River Project,* 400 F.3d 1207, 1213 (9th Cir. 2005) (citing *Nidds v. Schindler Elevator Corp.,* 113 F.3d 912, 919 (9th Cir. 1996) and *Godwin, supra,* 150 F.3d at 1221); *see also Merrick v. Farmers Ins. Group,* 892 F.2d 1434, 1438 (9th Cir. 1990). But in *Reid, supra,* the California Supreme Court held the doctrine did not apply in age discrimination cases, observing: "Although stray remarks may not have strong probative value when viewed in isolation, they may corroborate direct evidence of discrimination or gain significance in conjunction with other circumstantial evidence. Certainly, who made the comments, when they were made in relation to the adverse employment decision, and in what context they were made are all factors that should be considered. Thus, a trial court must review and base its summary judgment determination on the totality of evidence in the record, including any relevant discriminatory remarks." *Reid, supra,* 50 Cal.4th at 517, 541. Pursuant to *Reid,* the Court has considered Ausley's comments in light of the "totality of evidence in the record" and finds that the context in which they were made, coupled with Ausley's role in allocating employees' work hours, could lead a reasonable trier of fact to infer discriminatory intent.

Even if the stray remarks doctrine did apply here, the evidence suggests Ausley's comments were not stray, but had a causal relationship to Plaintiff's termination. As noted above, Mobley made the decision to terminate Plaintiff. However, Mobley testified at her deposition that she had conversations with Ausley on a month-to-month basis concerning Plaintiff's performance. This evidence, along with evidence of Ausley's discriminatory comments toward Plaintiff, would be sufficient for a reasonable trier of fact to conclude Ausley contributed materially to Defendant's

12

decision to reduce Plaintiff's work hours and, ultimately, to terminate Plaintiff. *See Poland v. Chertoff,* 494 F.3d 1174, 1182 (9th Cir. 2007) ("if a subordinate . . . sets in motion a proceeding by an independent decisionmaker that leads to an adverse employment action, the subordinate's bias is imputed to the employer if the plaintiff can prove that the allegedly independent adverse employment decision was not actually independent because the biased subordinate influenced or was involved in the decision or decisionmaking process"); *see also Reeves v. Safeway Stores, Inc.,* 121 Cal.App.4th 95, 108-109, 16 Cal.Rptr.3d 717 (2004) ("A supervisor annoyed by a worker's complaints about sexual harassment might decide to get rid of that worker by, for instance, fabricating a case of misconduct, or exaggerating a minor instance of misconduct into one that will lead to dismissal. Another manager, accepting the fabricated case at face value, may decide, entirely without animus, to discharge the plaintiff. It would be absurd to say that the plaintiff in such a case could not prove a causal connection between discriminatory animus and his discharge. The situation is equivalent to one in which the supervisor simply fires the worker in retaliation for protected conduct. The supervisor's utilization of a complex management structure to achieve the same result cannot have the effect of insulating the employer from a liability that would otherwise be imposed").

Given evidence of Ausley's role in the decision-making process and his influence with Mobley, the fact that Mobley, not Ausley, was the ultimate decisionmaker does not warrant summary adjudication in favor of Defendant. *See Dominguez-Curry v. Nevada Transp. Dept.,* 424 F.3d 1027, 1038-39 (9th Cir. 2005). Accordingly, the Court finds Plaintiff has met his burden of presenting evidence to show a genuine issue of material fact regarding pretext for discrimination, and summary adjudication in favor of Defendant must be denied as to the age discrimination cause of action.

***3. Wrongful termination cause of action*** – Defendant further contends summary adjudication should be granted as to Plaintiff's cause of action for wrongful termination in violation of the public policy embodied by FEHA's anti-age discrimination provisions. "[W]hen an employer's discharge of an employee violates fundamental principles of public policy, the discharged employee may

13

maintain a tort action and recover damages traditionally available in such actions." *Tameny v. Atlantic Richfield Co.,* 27 Cal.3d 167, 170, 164 Cal.Rptr. 839, 610 P.2d 1330 (1980). To establish a claim for wrongful termination in violation of public policy, a plaintiff must show (1) an employer-employee relationship, (2) the defendant subjected the plaintiff to an adverse employment action, (3) the adverse employment action violated public policy and (4) caused the plaintiff harm. *Haney v. Aramark Uniform Services, Inc.,* 121 Cal.App.4th 623, 641, 17 Cal.Rptr.3d 336 (2004). A violation of FEHA may support the claim. *City of Moorpark v. Superior Court,* 18 Cal.4th 1143, 1160-61, 77 Cal.Rptr.2d 445, 959 P.2d 752 (1998); *Stevenson v. Superior Court,* 16 Cal.4th 880, 895-96, 66 Cal.Rptr.2d 888, 941 P.2d 1157 (1997). Problematically for Defendant, where a cause of action for wrongful termination in violation of public policy is derivative of a FEHA age discrimination claim, as here, the wrongful termination claim survives if the age discrimination claim survives. *See Stevenson, supra,* 16 Cal.4th at 897; *see also Hanson, supra,* 74 Cal.App.4th at 229. Accordingly, because the Court has denied summary adjudication of the age discrimination claim, summary adjudication must also be denied as to the cause of action for wrongful termination.

***B. Bad faith claims*** – Defendant further contends there are no genuine issues of material fact as to the second and third causes of action for breach of the implied covenant of good faith and fair dealing and breach of the implied covenant not to terminate except with good cause, respectively. Plaintiff concedes these causes of action in his opposition. Accordingly, summary adjudication in favor of Defendant shall be granted as to the second and third causes of action.

***C. Emotional distress claim*** – Lastly, Defendant moves for summary adjudication of the fourth cause of action for intentional infliction of emotional distress, contending Defendant did not engage in unlawful age discrimination or wrongful termination in violation of public policy. California courts have consistently recognized claims for intentional infliction of emotional distress stemming from wrongful termination in violation of public policy. *See, e.g., Cabesuela v. Browning-Ferris*

14

*Industries of California, Inc.,* 68 Cal.App.4th 101, 112-13, 80 Cal.Rptr.2d 60 (1998); *Kovatch v. California Cas. Management Co.,* 65 Cal.App.4th 1256, 1277-78, 77 Cal.Rptr.2d 217 (1998) (disapproved of on other ground by *Aguilar v. Atlantic Richfield Co.,* 25 Cal.4th 826, 854, 107 Cal.Rptr.2d 841, 24 P.3d 493 (2001)); *Phillips v. Gemini Moving Specialists,* 63 Cal.App.4th 563, 567, 74 Cal.Rptr.2d 29 (1998); *Leibert v. Transworld Systems, Inc.,* 32 Cal.App.4th 1693, 1706, 39 Cal.Rptr.2d 65 (1995). "A plaintiff *can* recover for infliction of emotional distress if he or she has a tort cause of action for wrongful termination in violation of public policy or wrongful termination in violation of an express statute because then, emotional damages are simply a component of compensatory damages." *Phillips, supra,* 63 Cal.App.4th at 577. Plaintiff's emotional distress claim is premised on the same conduct underlying his wrongful termination claim. Because Plaintiff has met his burden to show genuine issues of material fact as to the wrongful termination claim, the emotional distress claim survives summary judgment. *Kovatch, supra,* 65 Cal.App.4th at 1277-78.

## V. DISPOSITION

Based on the foregoing, the motion of defendant Radioshack Corporation for summary judgment is DENIED. The motion of defendant Radioshack Corporation for summary adjudication is GRANTED as to the second and third causes of action for breach of the implied covenant of good faith and fair dealing and breach of the implied covenant not to terminate except with good cause, and DENIED as to the first, fourth and fifth causes of action for wrongful termination in violation of public policy, intentional infliction of emotional distress and age discrimination.

IT IS SO ORDERED.

Dated:   January 25, 2012                                                                                   
                                                              CHIEF UNITED STATES DISTRICT JUDGE

15